THE PEOPLE ex rel. CHARLES SAVEY, Relator, v. JOHN
    J. FINNELL, as Chief of Police of the City of Elmira,
    Respondent.

(County Court, Chemung County, December, 1914.)

Habeas corpus — when relator entitled to be discharged from custody —
    bastardy proceedings — Code Crim. Pro., §§ 843, 844.

Where relator, upon being arrested and brought before a
magistrate upon a warrant charging him with being the puta-
tive father of a bastard, offers to give the undertaking required
by section 844 of the Code of Criminal Procedure, it is the
duty of the magistrate to take the undertaking; and where
he refuses so to do on the ground that the warrant was not
indorsed by the magistrate who issued it as provided by sec-
tion 843 of said Code which requires that the magistrate issuing
the warrant must by indorsement thereon direct the sum in
which defendant shall give security, relator is entitled to be
discharged from custody on habeas corpus.

HABEAS CORPUS proceedings.

Michael O'Connor, for Charles Savey.

E. W. Personius and Leo Waxman, for J. J. Finnell,
chief, etc.

SWARTWOOD, J.   The defendant, Charles Savey, was
brought into court on a writ of habeas corpus sued out
by him.   He is produced in court by J. J. Finnell, the
chief of police of the city of Elmira, who has him in
custody, he having been arrested on a warrant issued
by D. W. Keating, a police magistrate of the city of
Olean, Cattaraugus county, N. Y., as follows:

" STATE OF NEW YORK, ⎱
    COUNTY OF CATT.,     ⎰ ss.:
    " To any Police Officer of said county, greeting:
Whereas, upon the application of E. Boyd Baker, Over-
seer of the Poor of the city of Olean, in said county,
            9

to me, Police Justice of the city of Olean, I have ascertained by the examination, on oath, of Blanche Bart that she is now the mother of a child, born a bastard, and to be chargeable to the said Cattaraugus County, and that Charles Savey is the reputed father of such child;

"There are, therefore, to command you forthwith to apprehend the said Charles Savey and bring him before me, at my office, in the city of Olean, in said county, for the purpose of having an adjudication respecting the filiation of such child, born a bastard.

"Given under my hand, this 27 day of Nov. 1914.
                              "D. W. Keating,
        "*Police Justice of the city of Olean, N. Y.*"
The warrant is indorsed as follows:

"Before D. W. Keating, Justice.   The People vs. Charles Savey Warrant for Bastardy before birth.   By virtue of the within warrant, I have arrested the within named Charles Savey on the 22nd day of December, 1914, at Elmira, N. Y., in the county of Chemung, N. Y. and now have him before the magistrate by whom this warrant was issued, or before Otis H. Gardner, a magistrate in said county of Elmira, N. Y., in accordance with the statute.   Dated at Elmira, N. Y., the 22nd day of December, 1914.
                              "E. D. Weaver,
          "*Captain Police, City of Elmira, N. Y.*

"State of New York,⎫
  County of Chemung, ⎬ *ss.:*
    City of Elmira, ⎭

"William A. Clark being duly sworn says, that he resides in the city of Olean, N. Y., that the name of D. W. Keating signed to the within warrant of arrest is the handwriting of D. W. Keating, who is one of the Justices of the Peace of the city of Olean, in the

county of Cattaraugus, N. Y., by whom the above warrant was issued.                    WILLIAM A. CLARK,

" Sworn to before me this 2nd
        day of Dec., 1914.
                    OTIS H. GARDNER,
          " *Recorder of the City of Elmira, N. Y.*

" STATE OF NEW YORK, }
  COUNTY OF CHEMUNG, } *ss.:*

    " On proof, under oath, of the signature of the magistrate who issued the within warrant, I direct that it be served in the county of Chemung, N. Y.

    " Dated at Elmira, N. Y., this 2nd day of Dec., 1914.
                    " OTIS H. GARDNER,
          " *Recorder of the city of Elmira, N. Y.*"

It appears by statements of the chief of police and the attorney for the defendant, which are not disputed, and are in fact admitted in open court, that the defendant was taken before the recorder of the city of Elmira, who indorsed the warrant, and he refused to take from the defendant the undertaking provided in section 844 of the Code of Criminal Procedure, giving as his reason for such refusal that the warrant was not indorsed as provided in section 843 of said Code. This section provides that " the magistrate issuing the warrant must by indorsement thereon direct the sum in which the defendant shall give security."

Section 844 provides that the undertaking to be given by the defendant must be either that he will support the child and pay the expenses of the proceedings and the care of the mother, etc., or that he will appear and answer the charge at the next County Court of the county where the warrant was issued.

The practice in these proceedings is controlled by sections 838 and following of the Code of Criminal Procedure. The object of the proceeding is to obtain support for the child, care for the mother and the ex-

penses of the proceedings from the putative father. This is to be accomplished by the putative father giving an undertaking, with sufficient surety, conditioned for the payment of the support of the child, care of the mother and the expenses of the proceedings, etc., and the proceeding is commenced for the purpose of compelling the giving of such an undertaking. Nothing more can be required of the father under the statute. It, therefore, follows that when Savey was taken before the magistrate on the warrant and offered to give the undertaking required by section 844 it was the duty of the magistrate to take the undertaking from him. The magistrate refused to take the undertaking for the reason that the magistrate issuing the warrant had failed to put his indorsement thereon directing the sum in which the defendant should give security. In other words, the magistrate who issued the warrant should have fixed the amount of the undertaking and directed the magistrate before whom Savey might be taken to release him on the giving of the undertaking in such amount. If Savey had been permitted to give the undertaking, section 845 expressly provides that he would have been entitled to his discharge. It, therefore, follows that when the magistrate refused to take the undertaking the defendant was entitled to his discharge. In other words, the magistrate cannot refuse to take the undertaking and still hold the defendant, because by so doing he defeats the object of the proceeding and the statute controlling it. This object, as stated before, is to provide security for the support of the child, the expenses of the mother and the proceedings, and it is only when the defendant refuses to give the undertaking that he may be kept in prison.

It is, therefore, ordered that the defendant be discharged from custody.

Ordered accordingly.